## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

MARY WEST,

        Plaintiff,

           -against-

ST ENTERTAINMENT GROUP, INC.,

        Defendant.

Case No.:

**COMPLAINT**

---

Plaintiff, MARY WEST (hereinafter "Plaintiff"), on behalf of herself, by and through her undersigned attorney, hereby files this Complaint against Defendant, ST ENTERTAINMENT GROUP, INC. (hereinafter "Defendant"), and states as follows:

### **INTRODUCTION**

1.    This class action seeks to put an end to systemic civil rights violations committed by Defendant against the blind in Massachusetts State and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services Defendant provides to its non-disabled customers through http://tunnelboston.com/ (hereinafter the "Website"). The Website provides to the public a wide array of the goods, and services offered by Defendant. Yet, the Website contains access barriers that make it difficult, if not impossible, for blind customers to use the Website. In fact, the access barriers make it impossible for blind users to even book table reservations on the Website. Defendant thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent

part of everyday life, allowing blind people to fully and independently access a variety of services, including booking tables.

2.      Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, maintain, and own a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, the Website has many access barriers preventing blind people from independently navigating and completing a purchase using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] According to the American Community Survey, there are approximately 125,000 visually impaired persons living in the State of Massachusetts.[2]Many blind people enjoy using Internet just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-service hospitality industry and from independently accessing the Website.

6.      Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] Erickson, W., Lee, C., von Schrader, S. (2017). Disability Statistics from the American Community Survey (ACS). Ithaca, NY: Cornell University Yang-Tan Institute (YTI). Retrieved from Cornell University Disability Statistics website: www.disabilitystatistics.org

chosen to rely on an exclusively visual interface. Defendant's sighted customers can independently browse, select, and book a table online without the assistance of others. However, blind people must rely on sighted companions to assist them in making an online reservation on the Website.

7.      By failing to make the Website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

8.      Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

9.      Plaintiff browsed and intended to access Defendant's online booking and reservation service on the Website. However, unless Defendant remedies the numerous access barriers on the Website, Plaintiff will continue to be unable to independently navigate, browse, use and book a reservation on the Website.

10.      This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on the Website so that Plaintiff will be able to independently and privately use the Website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction of this action pursuant to:

a.   28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

b.   28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

12.   Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a). Defendant is subject to personal jurisdiction in the District of Massachusetts based on the principal place of business of Defendant. Defendant is registered to do business in the State of Massachusetts and has been doing business in the State of Massachusetts. The club location is owned by Defendant and is located in the State of Massachusetts. Defendant also has been and is committing the acts alleged herein Massachusetts State, has been and is violating the rights of consumers in Massachusetts State, and has been and is causing injury to consumers in Massachusetts State.

## **PARTIES**

13.   Plaintiff is and has been at all times material hereto a resident of New York County, New York.

14.   Plaintiff is blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*. Plaintiff cannot use a computer without the assistance of screen reader software. Plaintiff has been denied the full enjoyment of the facilities, goods and services of the Website, as a result of accessibility barriers on the Website. Most recently in June 2019, Plaintiff attempted to browse and

book a table on the Website but could not complete a reservation due to the inaccessibility of the Website. The inaccessibility of the Website has deterred her from enjoying the goods and services of Defendant.

15.    Defendant is an American for-profit corporation organized under the laws of Massachusetts State with a principal executive office located at 227 South Ave, Weston, MA 02493.

16.    Defendant owns and operates TUNNEL  (hereinafter the "Club"), which is a place of public accommodation located in Massachusetts State. Among other things, the Website provides access to the array of goods and services offered to the public by Defendant including corporate and/or business and leisure accommodations for travelers related to these goods and services. The inaccessibility of the Website has deterred Plaintiff from using Defendant's online booking and reservation service on the Website.

17.    Plaintiff, on behalf of herself, seeks full and equal access to the services provided by Defendant through the Website.

## FACTUAL ALLEGATIONS

18.    Defendant owns the Club in Massachusetts: 100 Stuart Street, Boston, MA 02116.

19.    The Website is a service and benefit offered by Defendant throughout the United States, including Massachusetts State. The Website is owned, controlled and/or operated by Defendant.

20.    Among the features offered by the Website are the following:

(a)    information about the Club, allowing persons to learn its location, hours of operation, and phone numbers;

(b)    an online booking webpage, allowing customers to make a reservation;

(c)   information about the Club's amenities and facilities for dining or special events; and

(d)   information about the Club's social networks.

21.   This case arises out of Defendant's policy and practice of denying the blind access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, blind individuals have been and are being denied equal access to the Club's Website, as well as to the numerous goods, services and benefits offered to the public through the Website.

22.   Defendant denies the blind access to goods, services and information made available through the Website by preventing them from freely navigating the Website.

23.   The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

24.   The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

25.   There are well established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal

government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

26.    The Website contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: unreadable text content; inaccessible forms; the lack of adequate prompting and labeling; the denial of keyboard access; and the lack of clear directions on where to provide personal guest information.


27.    The Website does not comply with current website accessibility standards because its most important function, "TABLE", are not compatible with keyboard commands and require a mouse. Plaintiff wasn't able to book a table. The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of the Club.

28.    Plaintiff has made numerous attempts to make a reservation on the Website, most recently in June 2019, but was unable to do so independently because of the many access barriers on the Website. These access barriers have caused the Website to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

29.     Plaintiff experienced many barriers in attempting to access The Website. For instance, the Web Content Accessibility Guidelines (WCAG) are part of a series of web accessibility guidelines published by Web Accessibility Initiative (WAI) of the World Wide Web Consortium (W3C), which are the main international standards organization for the Internet. Plaintiff was completely blocked from online ordering since the Website is barely accessible. Defendant has failed to adhere to the recommendations of many of these guidelines such as:

   a.   WCAG 2.1 recommending businesses to make all functionality available from a keyboard since the Website requires the visual activity of mouse manipulation to complete a purchase.

   a.   WCAG 2.4 recommending businesses to provide help for users to navigate, find content and determine where they are on the Website due to the Website's lack of links and headings.

   b.   WCAG 4.1 recommending businesses to maximize compatibility with current and future user agents, including assistive technologies, for the reasons stated above.

30.     As described above, Plaintiff has actual knowledge of the fact that the Website contains access barriers causing it to be inaccessible, and not independently usable by, blind and visually impaired individuals.

31.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of the Website.

32.     Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

   (a)   constructing and maintaining a website that is inaccessible to blind individuals with knowledge of the discrimination; and/or

(b)   constructing and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to blind individuals; and/or

(c)   failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind individuals.

33.   Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff)

34.   Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

35.   Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

36.   The Website is a sales establishment and public accommodation within the definition of 42 U.S.C. § 12181(7)(E). The Website is a service, privilege or advantage of Defendant. The Website is a service that is by and integrated with the Club.

37.   Defendant is subject to Title III of the ADA because it owns and maintains the Website.

38.   Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful

discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

39.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

40.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

41.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

42.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making the Website accessible, including but not limited to:

ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

43.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Defendant who are blind have been denied full and equal access to the Website, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

44.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

45.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

46.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

47.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

48.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

49.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
(Declaratory Relief)

(on behalf of Plaintiff)

50.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

51.      An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of the Website and by extension the Club, which Defendant owns and maintains, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*

52.      A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

53.     A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

2.      A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

54.     A declaration that Defendant owns, maintains and/or operates the Website in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

55.     Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

56.     For pre- and post-judgment interest to the extent permitted by law; and

57.     Such other and further relief as the Court deems just and proper.


DATED: July 9, 2019                     LEE LITIGATION GROUP, PLLC


                                        By: */s/ C.K. Lee*_____
                                        C.K. Lee (#569242)


                                        Tel.: 212-465-1188
                                        Fax: 212-465-1181